# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL BRUCE BYNOE,

    Petitioner,

vs.

WARDEN HELLING, *et al.*,

    Respondents.

3:07-cv-00009-LRH-VPC

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on its *sua sponte* screening inquiry into whether the petition, as amended, should be dismissed either without prejudice for lack of exhaustion or with prejudice as untimely, following upon the petitioner's response (#28) to the Court's show cause order (#24). The Court reaches only the exhaustion issue at this juncture.

    Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust his state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available, in this case the Supreme Court of Nevada. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003)(*en banc*); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991).

It is undisputed that claims in the amended petition have not been exhausted through to the Supreme Court of Nevada. Petitioner seeks to excuse the failure to exhaust on the basis of mental illness. The cases that petitioner cites, however, in the main, pertain to the avoidance of a procedural default on a showing of cause and prejudice. Exhaustion and procedural default are related but distinct concepts. As a general matter, a claim is technically exhausted if the court to which the petitioner would be required to present the claim would find the claim procedurally barred. *See,e.g., Cassett v. Stewart*, 406 F.3d 614, 621 & n.5 (9th Cir. 2005). This does not mean, however, that a lack of exhaustion is "excused" by a showing of cause and prejudice that is offered to overcome a procedural default. Two distinct rules instead are being applied – first, a rule that a procedurally barred claim is technically exhausted, and, second, a rule that a procedural default may be overcome by a showing of cause and prejudice.[1]

This fundamental distinction is significant because the Nevada state courts apply substantially the same standards for avoiding a procedural default as do the federal courts. This Court accordingly, in numerous prior cases, has declined to hold claims exhausted on the premise that the state courts would not consider the claims absent an unequivocal stipulation by petitioner that the claims in fact would be denied on procedural grounds if he returned to state court to present the claims. Such an unequivocal stipulation, to in truth be unequivocal in light of the application of the procedural default rules under current Nevada state post-conviction procedure, must include stipulations that: (1) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate cause and prejudice in the state courts to overcome the procedural bars;[2] (2) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged

---

[1] To the extent that petitioner relies upon non-binding case authority that would suggest that the exhaustion requirement is itself excused by circumstances that would show cause and prejudice, independent of a procedural default analysis, the Court is not persuaded. The Court in particular is not persuaded by authority from another circuit that is more than four decades old to the extent that the authority does not address exhaustion and procedural default as related but distinct concepts.

[2] *See,e.g., Mitchell v. State*, 149 P.3d 33, 36 (Nev. 2006)("A petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004)(recognizing that Nevada's cause and prejudice analysis and the federal cause and prejudice analysis are nearly identical).

constitutional violation probably has resulted in the conviction of one who is actually innocent and cannot thereby overcome the procedural bars;[3] and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence. In the absence of such an unequivocal stipulation, the Court will not hold that there is no possibility that the unexhausted claims would be considered by the state courts in Nevada.[4] Any holding of exhaustion on this basis further will be subject to a possible dismissal of the claims on the basis of procedural default.[5]

IT THEREFORE IS ORDERED that the petition, as amended, will be dismissed without prejudice for lack of exhaustion unless, within thirty (30) days of entry of this order, petitioner files an unequivocal stipulation as described on pages 2 to 3 of this order or seeks other appropriate relief consistent with the holding herein. Petitioner shall file a declaration that he authorizes the stipulation made or relief sought within ten (10) days of the filing by counsel. Respondents may elect to respond within thirty (30) days of service, and petitioner may reply within twenty (20) days of service.

DATED this 11th day of May, 2009.



_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] *See, e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent," *citing Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

[4] *Accord Jones v. McDaniel*, 2009 WL 890915 (9th Cir., Apr. 2, 2009)(in an unpublished disposition, holding that the petitioner had not established futility of exhaustion, given the substantial similarity of Nevada state and federal standards to overcome a procedural bar).

[5] The Court rejects petitioner's parallel argument as to an absence of available state remedies for the reasons in the text. Petitioner's request for an evidentiary hearing to demonstrate a basis for excusing the exhaustion requirement is denied. The request for an evidentiary hearing to "excuse" a lack of exhaustion similarly overlooks the distinction between exhaustion and procedural default. Petitioner can make his cause and prejudice arguments to the state courts in an effort to overcome the potential procedural bars.