FILED
ENTERED
COUNSEL/PARTIES OF RECORD

SEP 23 2009

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY                                DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL BRUCE BYNOE,

    Petitioner,

vs.

HELLING,

    Respondent.

3: 07-cv-0009-LRH-VPC

**ORDER**

Petitioner is proceeding with counsel in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case proceeds on the first amended petition filed April 28, 2008. (Docket #17.) On May 13, 2009, the court entered an order finding that it was undisputed that the claims in the first amended petition were unexhausted. (Docket #29.) In that order, this court also held in part as follows:

> As a general matter, a claim is technically exhausted if the court to which the petitioner would be required to present the claim would find the claim procedurally barred. *See, e.g., Cassett v. Stewart*, 406 F.3d 614, 621 & n.5 (9th Cir. 2005). This does not mean, however, that a lack of exhaustion is "excused" by a showing of cause and prejudice that is offered to overcome a procedural default. Two distinct rules instead are being applied – first, a rule that a procedurally barred claims is technically exhausted, and second, a rule that a procedural default may be overcome by a showing of cause and prejudice. [Footnote one.]
>     This fundamental distinction is significant because the Nevada state courts apply substantially the same standards for avoiding a procedural default as do the

federal courts. This Court accordingly, in numerous prior cases, has declined to hold claims exhausted on the premise that the state courts would not consider the claims absent an unequivocal stipulation by petitioner that the claims in fact would be denied on procedural grounds if he returned to state court to present the claims. Such an unequivocal stipulation, to in truth be unequivocal in light of the application of the procedural default rules under current Nevada state post-conviction procedure, must include stipulations that: (1) petitioner cannot avoid dismissal of the claims in state courts because he cannot demonstrate cause and prejudice in the state courts to overcome the procedural bars; [footnote two] (2) petitioner cannot avoid dismissal of the claims in the state courts because he cannot demonstrate in the state courts that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent and cannot thereby overcome the procedural bars; [footnote three] and (3) the procedural bars otherwise are now consistently applied by the Nevada state courts, such that it is not possible that the state courts, as a discretionary matter, would consider the claims despite the procedural default and despite a failure to demonstrate either cause and prejudice or actual innocence. In the absence of such an unequivocal stipulation, the Court will not hold that there is no possibility that the unexhausted claims would be considered by the state courts in Nevada. [Footnote four.] Any holding of exhaustion on this basis further will be subject to a possible dismissal of the claims on the basis of procedural default. [Footnote five.]

IT IS THEREFORE ORDERED that the petition, as amended, will be dismissed without prejudice unless, within thirty (30) days of entry of this order, petitioner files an unequivocal stipulation as described on pages 2 to 3 of this order or seeks other appropriate relief consistent with the holding therein. Petitioner shall file a declaration that he authorizes the stipulation made or relief sought within ten (10) days of the filing by counsel.

(Docket #29, p.2-3.)

Footnote one: To the extent that petitioner relies on non-binding case authority that would suggest that the exhaustion requirement is itself excused by circumstances that would show cause and prejudice, independent of a procedural default analysis, the Court is not persuaded. The Court in particular is not persuaded by authority from another circuit that is more than four decades old to the extent that the authority does not address exhaustion and procedural default as related by distinct concepts.

Footnote two: *See, e.g., Mitchell v. State*, 149 P.23. 33, 36 (Nev. 2006) ("A petitioner can overcome the bar to an untimely or successive petition by showing good cause and prejudice."); *see also Robinson v. Ignacio*, 360 F.3d 1044, 1052 n.3 (9th Cir. 2004) (recognizing that Nevada's cause and prejudice analysis and the federal cause and prejudice analysis are nearly identical).

Footnote three: *See, e.g., Mitchell*, 149 P.3d at 36 ("Even when a petitioner cannot show good cause sufficient to overcome the bars to an untimely or successive petition, habeas relief may still be granted if the petitioner can demonstrate that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent,'" citing *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)).

Footnote four: *Accord Jones v. McDaniel*, 2009 WL 890915 (9th Cir. Apr. 2, 2009) (in an unpublished disposition, holding that the petitioner had not established futility of exhaustion, given the substantial similarity of Nevada state and federal standards to

overcome a procedural bar).

Footnote five: The Court rejects petitioner's parallel argument as to the absence of available state remedies for the reasons in the text. Petitioner's request for an evidentiary hearing to demonstrate a basis for excusing the exhaustion requirement is denied. The request for an evidentiary hearing to "excuse" a lack of exhaustion similarly overlooks the distinction between exhaustion and procedural default. Petitioner can make his cause and prejudice arguments to the state courts in an effort to overcome the potential procedural bars.

Petitioner did not file the stipulation described in the court's order quoted above. Rather, on June 15, 2009, petitioner filed a motion for stay and abeyance of this case under *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005). Respondents oppose the motion.

Under *Rhines v. Weber* district courts have the discretion to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims. "A *Rhines* stay is only available for a mixed habeas petition where at least some claims have been exhausted." *Jones v. McDaniel*, 320 Fed.Appx. 784, 786 (9th Cir. 2009). Additionally, under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) district courts have the discretion to stay a fully exhausted petition. *See King v. Ryan*, 564 F.3d 1133(9th Cir. 2009) (holding that the three-step stay-and-abeyance procedure established in *Kelly* remains viable after *Rhines*). However, it is well established law in this circuit that a petition containing only unexhausted claims must be dismissed. *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir.2001), *cert. denied*, 538 U.S. 949 (2003); *Rasberry v. Garcia*, 448 F.3d 1150 (9th Cir. 2006). Thus, to allow a petitioner to maintain an action containing only unexhausted claims would be directly contrary to controlling authority. *See also*, 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455U.S. 509, 522, 102 S.Ct. 1198 (1982) (adopting a rule of "total exhaustion").

As explained in this court's order of May 13, 2009 (Docket #29), this court will not generally consider unexhausted claims to be exhausted on the ground that the state courts will not consider the claims, i.e., the state court would find that the claims were procedurally defaulted. This is because Nevada courts may excuse procedural bars of untimely or successive filings if a petitioner shows good cause and prejudice. Nev.Rev.Stat. §§ 34.726(1), 34.810(3). The exception to this

court's general practice, as previously stated by the court, is occasioned by the entry of pertinent stipulations by the petitioner. In this case, petitioner has chosen not to file such stipulations.[1] Accordingly, the court finds that a Nevada state remedy is still available to petitioner and returning to state court is not futile.

In light of the foregoing, the court will deny petitioner's motion for a stay pursuant to *Rhines v. Weber* and will dismiss this action without prejudice to allow petitioner to return to state court to exhaust his claims.

**IT IS THEREFORE ORDERED** that petitioner's motion for issuance of stay and abeyance pursuant to *Rhines v. Weber* is **DENIED** (Docket #30).

**IT IS FURTHER ORDERED** that petitioner's motion to file supplemental authority in support of his reply to respondents' opposition is **DENIED** (Docket #38).

**IT IS FURTHER ORDERED** that this petition for writ of habeas corpus is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly and to close this case.

DATED this 22nd day of Sept., 2009.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court has considered petitioner's motion to file supplemental authority in support of his reply to respondents' opposition. The court finds the non-binding case authority from another circuit cited therein to be unpersuasive.

4