UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL BRUCE BYNOE,<br><br>　　　　　Petitioner,<br>　v.<br>HELLING, et al.,<br><br>　　　　　Respondents. | Case No. 3:07-cv-00009-LRH-VPC<br><br>ORDER |

On September 23, 2009, this court dismissed petitioner Michael Bruce Bynoe's counseled, first-amended § 2254 habeas petition without prejudice because all grounds were unexhausted and entered judgment (ECF Nos. 41, 42). Now, seven years later, petitioner has filed a motion for relief from final judgment and to reopen the case (ECF No. 52). Respondents opposed (ECF No. 57), and Bynoe replied (ECF No. 58). Bynoe also filed supplemental authority, and respondents filed a response (ECF Nos. 59-1, 64).

**I.　Procedural History & Background**

On October 28, 1999, Bynoe entered a plea of guilty but mentally ill to one count of lewdness with a minor under fourteen (exhibit 26).[1] The state district court sentenced him to life with the possibility of parole after ten years and entered a judgment of

---

[1] Exhibits 1-130 referenced in this order are exhibits to petitioner's first-amended petition, ECF No. 17, and are found at ECF Nos. 18-22. Exhibits 131-144 are exhibits to petitioner's motion for relief from judgment, ECF No. 52, and are found at ECF No. 53. Exhibit 145 is an exhibit to respondents' opposition to the motion for relief from judgment, ECF No. 57, and is found at ECF No. 57-1.

1

conviction on March 7, 2000. Exh. 33. Bynoe took no further action in state court before initiating this federal habeas petition.

Ultimately, Bynoe dispatched his federal habeas petition for mailing on January 2, 2007 (ECF No. 2). This court appointed counsel, and Bynoe filed a counseled, first-amended petition on April 28, 2008 (ECF No. 17). Thereafter, this court issued an order directing Bynoe to show cause and demonstrate such proof that the petition should not be dismissed as time-barred and for failure to exhaust state remedies (ECF No. 24). In response, Bynoe claimed that that he was entitled to equitable tolling and that his claims were technically exhausted because they would be procedurally defaulted if he returned to state court (ECF No. 28). This court did not address the timeliness issue, but rejected Bynoe's technical exhaustion argument (ECF No. 29). This court explained that Bynoe could choose to submit a stipulation that his claims should be dismissed as procedurally defaulted or seek "other appropriate relief…." *Id.*

Bynoe moved for stay and abeyance (ECF No. 30). Respondents opposed on multiple grounds, including asserting that a district court did not have discretion to stay a wholly unexhausted petition, that Bynoe failed to demonstrate good cause for his failure to exhaust any claims, that his claims are plainly meritless, and that he engaged in intentionally dilatory tactics (ECF No. 34).

This court concluded that a wholly unexhausted petition was not eligible for the stay and abey procedure outlined in *Rhines v. Weber*, 544 U.S. 269 (2005). The court thus denied Bynoe's motion to stay and dismissed the petition without prejudice on September 23, 2009 (ECF No. 41). This court denied a certificate of appealability (ECF No. 46). The Ninth Circuit also denied a certificate of appealability (ECF No. 49), and the Supreme Court denied Bynoe's petition for a writ of certiorari on February 21, 2012. Supreme Court Case No. 11-7743.

On February 7, 2012, Bynoe filed a *pro se* state petition for writ of habeas corpus. Exh. 145. However, he did not raise any of the grounds that he set forth in his

2

federal petition.[2] The state district court dismissed the petition as untimely. Exh. 131, pp. A014-15. The Nevada Supreme Court affirmed, denied rehearing, and denied *en banc* reconsideration. Exhs. 134, 135, 136. Remittitur issued on July 1, 2014. Exh. 138.

Bynoe, through counsel, now moves the court for relief from final judgment pursuant to FRCP 60(b)(6) on the basis that this court erred in denying his motion to stay his wholly unexhausted petition (ECF No. 52).

## II.     Legal Standard - AEDPA and Rule 60(b) Motions

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1). Relief under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60(b) applies to habeas proceedings, but only in conformity with Antiterrorism and Effective Death Penalty Act (AEDPA), including the limits on successive federal petitions set forth at 28 U.S.C. § 2244(b). *Id.* at 529. When a Rule 60(b) motion attacks some defect in the integrity of the federal habeas proceedings and not the substance of the court's resolution of a claim on the merits the court should address it as it would a Rule 60(b) motion raised in any other civil case. *Id.* at 532. By contrast, a second or

---

[2] The court notes that in federal ground 4 Bynoe claims that his Fourteenth Amendment due process rights were violated by the absence of a written plea agreement (ECF No. 17, pp. 42-43). In his subsequent state postconviction petition, Bynoe refers to a letter that acknowledges that the state court file does not contain a written guilty plea agreement. Exh. 145, pp. 12, 51.

3

successive habeas corpus petition "is a filing that contains one or more 'claims,'" defined as "asserted federal bases for relief from a state court's judgment of conviction." *Id*. In other words, "if neither the motion itself nor the federal judgment from which it seeks relief substantively addresses the federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id*. at 533; *Hall v. Haws*, 861 F.3d 977, 985 (9th Cir. July 3, 2017).

Bynoe's motion does not challenge the court's resolution of the merits of any claims and is a proper Rule 60(b)(6) motion in the habeas context. Respondents oppose the motion, arguing that Bynoe has failed to establish that he brought this Rule 60(b)(6) motion within a reasonable time or to establish extraordinary circumstances (ECF No. 57, pp. 3-6).

### III. Instant Petition

This court dismissed Bynoe's petition as wholly unexhausted. Though the court had discretion to stay, rather than dismiss, a timely-filed "mixed" petition for habeas corpus relief—that is, a single petition that includes both exhausted and unexhausted claims—Bynoe's petition did not contain any exhausted claims. This court stated that a petition containing only unexhausted claims was not eligible for the stay and abey procedure outlined in *Rhines v. Weber*, 544 U.S. 269 (2005) ECF No. 41).

More than six years later, in its February 17, 2016 decision in *Mena v. Long*, the Ninth Circuit concluded that the *Rhines* stay-and-abey procedure is not limited to mixed petitions and held that a district court may exercise its discretion to stay a petition that raises only unexhausted claims. 813 F.3d at 912. Bynoe filed his motion for relief from judgment in September 2016—only about seven months after the Ninth Circuit's *Mena* decision. Yet this motion still comes seven years after this court entered judgment in this case, five years after the Ninth Circuit denied a certificate of appealability, and four years after the Supreme Court denied a petition for a writ of certiorari. At some point

litigation must cease, and this court is not persuaded that it is reasonable and warranted to reopen this case after so many years.[3]

The second part of the inquiry is whether Bynoe demonstrates extraordinary circumstances. If a habeas petitioner identifies a subsequent change in procedural law as the basis for Rule 60(b)(6) relief, a court must determine whether that change rises to the level of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. at 535. A change in the law, in and of itself, does not necessarily require that a motion for relief from judgment be granted. *Phelps v. Alameida*, 569 F.3d 1120, 1401 (9th Cir. 2009). In *Phelps v. Alameida*, the Ninth Circuit considered six factors as part of that analysis: (1) whether the subsequent change in the law affected a settled or unsettled legal principle; (2) the petitioner's diligence in challenging the relevant legal principle; (3) the respondents' reliance interest in the original district court ruling; (4) the petitioner's delay in seeking Rule 60(b)(6) relief; (5) whether the subsequent change in the law has a close connection to the decision from which relief is sought; and (6) concerns regarding comity. *See id.,* 569 F.3d at 1134-40. The appeals court noted that the six factors should not be viewed as "a rigid or exhaustive checklist." *Id.* at 1135.

As to the first factor, the Ninth Circuit stated that if the subsequent change in the law affects an unsettled rather than settled area of law, then that would cut in favor of granting the motion for relief from judgment. *Phelps*, 569 F.3d at 1136. It is unclear whether the *Mena* decision should be viewed as a subsequent change in the law that affected an unsettled area of law. The Ninth Circuit did state in *Mena* that it had not previously addressed the question of whether the *Rhines* stay-and-abey procedure is available when a petition was fully unexhausted, not mixed. *Mena*, 813 F.3d at 910. On the other hand, the Ninth Circuit denied a certificate of appealability in 2009 on that very issue in this case, which suggests that that reasonable jurists in 2009 would not have debated the conclusion that district courts could not stay fully unexhausted petitions. In any event, the court in *Phelps* noted that "it is also clear that a change in

---
[3] The court notes that this is a not a case where actual innocence is alleged.

5

the law will not always provide truly exceptional circumstances necessary to reopen a case." 811 F.2d at 1401.

With respect to the second factor, petitioner's diligence in challenging the relevant legal principle, Bynoe expressly argued to this court in his motion to stay that his unexhausted petition did in fact qualify for stay and abeyance relief (ECF No. 37, p. 2). He raised this issue when he sought a certificate of appealability and when he petitioned the Supreme Court (ECF Nos. 46, 49).

Three more factors considered in *Phelps* are the reliance on the original district court ruling, the delay between the finality of the judgment and the motion for Rule 60(b)(6) relief, and comity concerns. Similar to the Ninth Circuit's reasoning in *Phelps*, Bynoe states that the respondents relied only minimally on this court's ruling because once this court dismissed his petition without prejudice, his federal case ended, and the state was required to take no further action (ECF No. 52, p. 21). *See Phelps*, 811 F.2d at 1138. In contrast, respondents point out that the Supreme Court has repeatedly recognized that the states have significant interests in comity and finality, and the exhaustion requirement is supposed to work in tandem with the statute of limitations and AEDPA's limited scope of review to protect those interests. *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Again, a seven-year-gap exists between judgment in this case and the Rule 60(b)(6) motion, and the comity concern is arguably strong here because the federal petition remains wholly unexhausted.

The final factor outlined in *Phelps* is the relationship between the decision embodying the original judgment and the subsequent decision embodying the change in the law. *Phelps*, 569 F.3d at 1138-1139. Bynoe argues that the Ninth Circuit's conclusion in *Mena* that a district court retains discretion to stay a wholly unexhausted petition contradicts this court's 2009 order dismissing the case. Bynoe is correct that *Mena* adopted the rationale that he advanced in his motion for stay and abeyance of his unexhausted petition. However, even if this court had determined that it had the discretion to stay a wholly unexhausted petition, that does not mean that Bynoe would

have necessarily prevailed on his motion to stay. Instead, Bynoe's petition was untimely and unexhausted. This court rested the dismissal on the fact that the petition was wholly unexhausted, and therefore, it did not reach the question of whether Bynoe demonstrated good cause and prejudice. The *Mena* opinion simply does not dictate that Bynoe's motion for stay would have been granted post-*Mena*.

Finally, Bynoe filed supplemental authorities, arguing that the Supreme Court's recent decision in *Buck v. Davis*, 137 S.Ct. 759 (February 22, 2017) provides further support for his Rule 60(b)(6) motion (ECF No. 62). In *Buck*, the federal habeas petition had previously been denied on the basis that Buck's claims were procedurally defaulted, and he could not demonstrate cause and prejudice to overcome the default. 137 S.Ct. at 771. Subsequently, the Supreme Court decided *Martinez v. Ryan*, holding that ineffective assistance of postconviction counsel may provide cause to excuse the procedural default of ineffective assistance of trial counsel claims in states where ineffective assistance of trial counsel claims generally must be raised in the first instance in a state postconviction habeas petition. 566 U.S. 1 (2012). The Supreme Court next held in *Trevino v. Thaler* that Texas was such a state. 133 S. Ct. 1911 (2013). Buck, a Texas prisoner, thus sought Rule 60(b)(6) relief based on the change in procedural law pursuant to *Martinez* and *Thaler*. In the situation presented in *Buck*, the Court held that because the procedural law governing his petition had changed in his favor, Buck was entitled to Rule 60(b)(6) relief. *See* 137 S.Ct. at 778.

Bynoe points out that the passage of time between the dismissal of Buck's federal habeas petition and the grant of Rule 60(b)(6) relief is similar to the timeline in his case. However, the alleged extraordinary circumstances appear to differ significantly. In *Buck*, the Court stressed the merits of the underlying constitutional claim, which involved Buck's lawyer's decision to call an expert witness who testified at sentencing that Buck—an African American—was more likely to commit future crimes because of his race. *See Buck*, 137 S.Ct. at 769. Bynoe's claims focus on the types of guilty pleas that were available under Nevada law at the time he pleaded guilty but

7

mentally ill. The court notes that, while the state district court accepted Bynoe's plea of guilty but mentally ill, the court noted that several examining doctors found Bynoe to be competent and the court also explained that in its assessment, Bynoe was competent.[4] *See* exhs. 31, 32, 118-122. In any event, this court agrees with respondents that the decision in *Buck*—a capital case where purportedly expert evidence was introduced that race was a factor in a person's propensity to commit crimes—is simply a qualitatively different case from Bynoe's case (ECF No. 64, pp. 2-3).

This court has carefully considered the record and the parties' arguments. The court concludes that Bynoe has failed to demonstrate that extraordinary circumstances warrant relief from judgment here.

**IV.    Conclusion**

**IT IS THEREFORE ORDERED** that petitioner's motion for relief from final judgment and to reopen the case (ECF No. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents' motion to extend time to file a response to the supplemental authority (ECF No. 63) is **GRANTED** *nunc pro tunc*.

DATED this 1st day of September, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[4] Of course, legal competence and mental illness are not mutually exclusive. However, the fact that the record reflects that state medical personnel and the state district court assessed Bynoe as competent supports this court's conclusion that the *Buck* case raises qualitatively different constitutional concerns than are presented in Bynoe's case.

8