Case 3:07-cv-00009-LRH-CLB   Document 97   Filed 02/16/22   Page 1 of 4

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MICHAEL BRUCE BYNOE, | Case No. 3:07-cv-00009-LRH-CLB |
|---|---|
| Petitioner, | ORDER |
| v. | |
| HELLING, et al., | |
| Respondents. | |

Michael Bruce Bynoe has filed a motion to withdraw his motion for stay and a motion for leave to file a second-amended § 2254 habeas corpus petition, with an attached proposed petition (ECF Nos. 87, 87-1, 94).

Turning first to the issue of a stay and abeyance, Bynoe filed a motion seeking to stay these federal proceedings pending additional state-court litigation (ECF No. 83). Subsequently, in December 2021, he filed a motion to withdraw the motion to stay, explaining that the Nevada Supreme Court had resolved the relevant state postconviction litigation (ECF No. 94). Good cause appearing, the motion to withdraw the motion to stay is granted.

Next, with respect to the motion for leave to amend, respondents opposed, and Bynoe replied (ECF Nos. 91, 93).  Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v.*

*Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotations omitted). Although leave to amend is within the discretion of the district court, the decision "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (internal quotations omitted). When deciding whether to grant leave, a court may "take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id*. Futility of amendment can alone justify denying a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Bynoe argues that the primary purpose of amendment is to provide various updates such as the current procedural posture of this case on remand from the Ninth Circuit Court of Appeals (ECF No. 87, p. 2). He further urges that the proposed second-amended petition is a streamlined, clearer petition, and he does not seek leave to amend out of bad faith or to cause undue delay.[1] He also contends that arguments regarding futility are premature.

Respondents argue that allowing Bynoe to amend his pleading would exceed the scope of remand (ECF No. 91, p. 3). This court had denied a motion to stay and dismissed Bynoe's wholly unexhausted petition without prejudice because at that time a petition containing only unexhausted claims was not eligible for the stay and abey procedure outlined in *Rhines v. Weber*, 544 U.S. 269 (2005) ECF No. 41). In February 2016, the Ninth Circuit held in *Mena v. Long* that the *Rhines* stay-and-abey procedure is not limited to mixed petitions and held that a district court may exercise its discretion to stay a petition that raises only unexhausted claims. 813 F.3d at 912. In September 2016, Bynoe filed a motion for relief from judgment in light of the *Mena* decision (ECF No. 52). This court concluded that Bynoe failed to demonstrate that extraordinary circumstances warranted relief from judgment and denied the motion (ECF No. 65).

---

[1] The first-amended petition is 45 pages, and the proposed second-amended petition is 14 pages (ECF Nos. 17 and 87-1).

Bynoe appealed, and in July 2020, the Ninth Circuit reversed and remanded (see ECF No. 74). The court of appeals directed that on remand Bynoe may request that this court stay his petition under *Rhines* and *Mena* while he returns to state court to exhaust his federal constitutional claims.

This court disagrees that the Ninth Circuit mandate, which only explicitly addresses a motion to stay, forecloses amendment here. *See U.S. v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000) ("According to the rule of mandate, although lower courts are obliged to execute the terms of a mandate, they are free as to anything not foreclosed by the mandate.") (internal quotations omitted); *see also In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895). In the interests of justice, the motion for leave to file a second-amended petition is granted. The court expresses no views on the timeliness of any claims or any other possible applicable procedural bars.

Bynoe has also filed a motion for leave to file certain exhibits under seal (ECF No. 86). While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598). Here, Bynoe asks to file under seal his Nevada Department of Corrections medical records. Good cause appearing, the motion is granted.

**IT IS THEREFORE ORDERED** that petitioner's motion to withdraw motion for stay ECF No. 94) is **GRANTED**. The motion to stay case (ECF No. 83) is withdrawn.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file a second-amended petition (ECF No. 87) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **detach** and **file** the second-amended petition at ECF No. 87-1.

**IT IS FURTHER ORDERED** that respondents have **60 days** from the date of this order to file a response to the second-amended petition.

**IT IS FURTHER ORDERED** that petitioner has **45 days** from the date of respondents' response to file a response/opposition.

**IT IS FURTHER ORDERED** that petitioner's first and second motions for extension of time to file a motion to stay (ECF Nos. 81, 82) are both **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to file certain exhibits under seal (ECF No. 86) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondents' first and second motion for extension of time to file a response to the motion to stay (ECF Nos. 89, 90) are both **DENIED** as moot.

DATED: 16 February 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE