UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL BRUCE BYNOE,<br><br>                                   Petitioner,<br>v.<br>HELLING, *et al.*,<br><br>                                   Respondents. | Case No. 3:07-cv-00009-ART-CLB<br><br>**Order Granting Motion to Dismiss in Part, Denying Motion for Evidentiary Hearing, Granting Motion to Seal, and Directing Supplemental Briefing**<br><br>(ECF Nos. 114, 121, 136) |

In Michael Bruce Bynoe's 28 U.S.C. § 2254 second-amended habeas corpus petition he challenges his conviction of lewdness with a child under age 14 pursuant to a plea of "guilty but mentally ill." (ECF No. 98.)[1] The gravamen of his petition is the claim that the Nevada legislature unconstitutionally abolished the "not guilty by reason of insanity" plea in 1995, and therefore, his 1999 "guilty but mentally ill" plea was not knowing, voluntary or intelligent. Respondents' move to dismiss the petition, arguing that the grounds are untimely, unexhausted, procedurally barred and/or non-cognizable. (ECF No. 114.) Bynoe has also moved for an evidentiary hearing. (ECF No. 121.) Because there is no federal constitutional right to an insanity defense, grounds 2, 3, and 4 are dismissed as noncognizable in federal habeas corpus. Ground 1 is untimely, unexhausted and/or procedurally defaulted. Because the Court directs further briefing regarding Ground 1, it defers a decision regarding procedural default, and denies the motion for evidentiary hearing without prejudice.

---

[1] The Nevada Department of Corrections website reflects that Bynoe was released on parole about May 2022. (https://ofdsearch.doc.nv.gov, last visited August 15, 2023)

1

## I. Background[2]

In June 1998, Bynoe was charged in Reno, Nevada (Washoe) with sexual assault and lewdness with a child under age 14. (Exh. 5.)[3] In October 1999, Bynoe pleaded guilty but mentally ill to lewdness with a child under age 14. (Exh. 23.) The state district court sentenced him to a stipulated term of 10 years to life. (Exh. 31.) Judgment of conviction was filed on March 7, 2000. (Exh. 30.)

Bynoe did not file a direct appeal. In April 2005, he filed a motion to vacate judgment of conviction. (Exh. 36.) He argued that, in light of the 2001 decision in *Finger v. State*, his plea of guilty but mentally ill violated his due process rights. (*Id.*; 27 P.3d 66 (Nev. 2001).) In 1995, the Nevada Legislature abolished the plea of "not guilty by reason of insanity" and created a new plea of "guilty but mentally ill." In *Finger* the Nevada Supreme Court held that legal insanity is a well-established and fundamental principle of U.S. law protected by the Due Process Clauses of both the United States and Nevada Constitutions and that the legislature could not abolish insanity as a complete defense to a criminal offense. 27 P.3d at 84. The state supreme court thus held that the statutory provisions abolishing the insanity defense were unconstitutional and unenforceable. The state district court denied Bynoe's motion to vacate judgment of conviction in October 2006. (Exh. 55.)

In January 2007, Bynoe dispatched his federal habeas corpus petition in this case for filing. (ECF No. 3.) This Court granted his motion for appointment of counsel and appointed the Federal Public Defender ("FPD") to represent Bynoe. (ECF No. 2.) Ultimately, this Court granted Bynoe's motion for leave to

---

[2] Bynoe's state and federal proceedings stemming from his conviction are long and complicated, and the Court recounts them only to the extent necessary to resolve the motion to dismiss and motion for evidentiary hearing.

[3] Unless stated otherwise, exhibits referenced in this order are exhibits to Respondents' motion to dismiss, ECF No. 114, and are found at ECF Nos. 107-111.

file a second-amended federal petition, and that petition was filed in February 2022. (ECF No. 98.) The second-amended petition alleges:

1. Because the Nevada legislature unconstitutionally abolished the "not guilty by reason of insanity" plea in 1995, Bynoe's "guilty but mentally ill" plea was not knowing, voluntary, or intelligent, in violation of his Fifth, Sixth and Fourteenth Amendment rights.

2. Trial and appellate counsel rendered ineffective assistance for failing to argue that the abolishment of the insanity defense was unconstitutional, in violation of Bynoe's Fifth, Sixth, and Fourteenth Amendment rights.

3. The legislature's impermissible abolition of the insanity defense deprived Bynoe of his right to present a defense in violation of his Fifth, Sixth, and Fourteenth Amendment rights.

4. The trial court violated Bynoe's Fifth, Sixth, and Fourteenth Amendment rights by accepting Bynoe's "guilty but mentally ill" plea without a written plea agreement.

(*Id.* at 9-14.)

Respondents filed a motion to dismiss the second-amended petition (ECF No. 114.). Bynoe then filed a motion for evidentiary hearing. (ECF No. 121.) The parties have now briefed both motions. (ECF Nos. 120, 134, 135, 147.)

**II.   Respondents' Motion to Dismiss**

Respondents move to dismiss the petition as untimely, unexhausted and/or procedurally barred. (ECF No. 114.) They also argue that three claims are not cognizable in federal habeas or are conclusory.

**a. Cognizability of Grounds 2, 3, 4**

A state prisoner is entitled to federal habeas relief only if he is being held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Alleged errors in the interpretation or application of state law do not warrant habeas relief. *Hubbart v. Knapp*, 379 F.3d 773, 779-80 (9th Cir. 2004); *Estelle v. McGuire*, 502 U.S. 216, 219 (1991); *see also Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) ("noting that [the federal court] ha[s] no authority to review a state's application of its own laws"). Habeas petitioners

3

may not "transform a state-law issue into a federal one merely by asserting a violation of due process."). *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

### i. Grounds 2 & 3

In ground 2 Bynoe argues that his trial and appellate counsel rendered ineffective assistance for failing to argue that the abolishment of the insanity defense was unconstitutional, in violation of Bynoe's Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 98 at 11-13.) In ground 3 he claims that the legislature's impermissible abolition of the insanity defense deprived him of his right to present a defense in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (*Id.* at 13.)

There is no federal constitutional right to an insanity defense. *See Kahler v. Kansas*, 140 S.Ct. 1021 (2020); *Clark v. Arizona*, 548 U.S. 735, 752 n.20 (2006); *Medina v. California*, 505 U.S. 437, 449 (1992). Respondents are correct that state legislatures are not required to adopt or retain any particular insanity defense. *See Kahler,* 140 S.Ct. 1021. The extent of the right to present a "complete defense" under federal law does not extend to "restrictions imposed on a defendant's ability to present an affirmative defense," but only the "exclusion of evidence" and the "testimony of defense witnesses." *Gilmore v. Taylor*, 508 U.S. 333, 343-44 (1993); *see also Estelle,* 502 U.S. at 71-72 (1991).

Bynoe seeks support for his contention that he was unconstitutionally deprived of the right to present his defense in *Crane v. Kentucky*, 476 U.S. 683 (1986). In that case, the trial court ruled that testimony regarding the circumstances of the confession of a 16-year-old pertained solely to voluntariness and was therefore inadmissible. The Supreme Court held that for defendants to have a meaningful opportunity to present a complete defense, prosecutors must turn over and defendants must be allowed to present exculpatory evidence. *Id.* at 689-691. *Crane*, therefore, is inapposite to Bynoe's

4

claims. Bynoe was not prevented from pursuing a defense he had a right to pursue. In *Finger*, the Nevada Supreme Court concluded that the legislature could not abolish the concept of legal insanity. 27 P.3d at 86. But the state supreme court also made it clear that defendants do not have a constitutional right to enter a plea of "not guilty by reason of insanity" or to procedurally litigate legal insanity as an affirmative defense. *Id*. Because there is not a federal constitutional right to an insanity defense, ground 3 cannot state a claim for which federal habeas relief may be granted. And Bynoe cannot show that trial and appellate counsel were deficient, causing him prejudice, by failing to raise a futile argument. The Court, therefore, need not resolve whether these claims would be timely or procedurally barred. The Court dismisses grounds 2 and 3.

### ii. Ground 4

Bynoe contends that the trial court violated his Fifth, Sixth, and Fourteenth Amendment rights by accepting his "guilty but mentally ill" plea without a written plea agreement. (ECF No. 98 at 13-14.) Respondents argue that ground 4 relies on state law, and therefore, is also not cognizable on federal habeas review. (ECF No. 114 at 9-10.)

Bynoe argues that the trial court violated state law by accepting his guilty plea without a written plea agreement. At the time, NRS 174.035(6)(b) required that the parties prepare a written plea agreement in cases involving a maximum prison time of more than 10 years. The state-court record reflects that at a hearing on November 5, 1999, defense counsel and the prosecutor put the terms of the plea negotiations on the record: that Bynoe would plead guilty but mentally ill to lewdness with a child under age 14, with a stipulated sentence of 10 years to life. (Pet. Exh. 26 (ECF No. 18-27).) The court canvassed Bynoe, who indicated that he understood the terms of the plea agreement. The State and defense both indicated that they needed to amend the guilty plea memorandum to accurately

5

reflect the guilty but mentally ill plea. The record does not reflect that the parties ever followed up and prepared an amended written agreement.

This Court is not satisfied that Bynoe has demonstrated that this claim of state-law error has federal constitutional ramifications. Bynoe cites to *Hicks v. Oklahoma* in arguing that the court's failure to enforce this substantial statutory protection violated his federal due process rights. 447 U.S. 343 (1980). In *Hicks* the petitioner was convicted under Oklahoma's habitual offender statute, which meant the jury had to impose the mandatory 40-year sentence. That mandatory term was later declared unconstitutional. Had the jury been properly instructed they could have imposed any sentence of not less than 10 years. The state statute at issue was a sentencing statute, which impacted the petitioner's liberty interest and due process rights. Bynoe does not point to caselaw demonstrating that a state statute requiring a written guilty plea agreement implicates a substantial procedural right. Bynoe cannot transform this state-law issue into a federal claim by simply labeling it a due process violation. *Langford,* 110 F.3d at 1389. As with grounds 2 and 3, the Court need not resolve whether this claim would be timely or procedurally barred because ground 4 is dismissed for failure to state a claim for which federal habeas relief may be granted.[4]

**b. Ground 1**

Bynoe asserts in ground 1 that because the state legislature unconstitutionally abolished the "not guilty by reason of insanity" plea in 1995, his "guilty but mentally ill" plea was not knowing, voluntary, or intelligent, in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 98 at

---

[4] The Court further notes that, to the extent that Bynoe intended to bring a claim of a constitutional violation, it appears such claim would fail under *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Tollett* the Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." A petitioner may only attack the voluntary and intelligent character of the guilty plea. *Id.*

6

9-11.) The parties do not dispute that ground 1 is untimely and/or procedurally barred. (ECF No. 114 at 5-8, ECF No. 120 at 24-26.) Bynoe argues that because he is actually innocent due to his serious mental health issues, including schizophrenia and severe delusions, the Court may excuse the untimely filing[5] or conclude that he is entitled to equitable tolling of the limitations period,[6] and/or find that he demonstrates cause and prejudice to excuse the procedural default of ground 1.[7] (ECF No. 120 at 2-21.) The Court defers a decision on respondents' motion to dismiss ground 1 as described below.

## II.   Motion for Evidentiary Hearing

Bynoe suggests that the Court conduct an evidentiary hearing regarding whether he can demonstrate actual innocence, that he is entitled to equitable tolling, or that he can overcome the procedural default of his remaining claim. (ECF No. 121.) Bynoe explains that he would "consider" calling Dr. Brian Leany who conducted a psychological examination of Bynoe in 2019. (Pet. Exh. 146 (ECF No. 84-2).) Bynoe also states that the Court could wait until the merits are briefed before evaluating the need for an evidentiary hearing.

Respondents oppose the motion and point out that it appears that the parties agree that the Court can resolve the motion to dismiss based on the record already properly before the Court. (ECF No. 134.) They argue that habeas petitioners generally are not permitted to circumnavigate state courts by

---

[5] A petitioner's "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to merits review. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).
[6] Equitable tolling may be available when a petitioner suffered from a mental impairment so severe that petitioner was unable personally to either understand the need to timely file or prepare a habeas petition and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence. *Bills v. Clark*, 628 F.3d 1092, 1093 (9th Cir. 2010.)
[7] A federal court will not review a claim for habeas corpus relief that the state courts disposed of on procedural grounds if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

seeking and presenting new evidence in federal court. 28 U.S.C. § 2254(e)(2) *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011).

The legal and procedural issues here are inextricably intertwined. Before the Court and the parties expend the considerable time and resources that an evidentiary hearing would require, it directs further briefing as follows:

- The merits of ground 1: Whether Nevada's abolition of the "not guilty by reason of insanity" plea rendered Bynoe's "guilty but mentally ill" plea not knowing, voluntary, or intelligent, in violation of his Fifth, Sixth and Fourteenth Amendment rights;
- If not, whether Bynoe is entitled to relief based on actual innocence.

The motion for evidentiary hearing, therefore, is denied without prejudice.

### III.   Motion for Leave to File Documents Under Seal

Bynoe asks the Court to seal the publicly filed exhibits that he lists in his motion. (ECF No. 136.) While there is a presumption favoring public access to judicial filings and documents, a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, Bynoe explains that several publicly filed documents were not appropriately redacted because they inadvertently include unredacted references to the minor victim's name. They also include information that is confidential under state law. Bynoe filed redacted versions as exhibits to this motion. (ECF No. 137.) Bynoe has demonstrated compelling reasons for filing these documents under seal, and therefore, the motion is granted. The Clerk of

Court is directed to seal the documents listed at ECF No. 137.

**IV.   Conclusion**

It is therefore ordered that Respondents' motion to dismiss **(ECF No. 114) is granted in part** as follows:

Grounds 2, 3, and 4 are **DISMISSED** as noncognizable in federal habeas corpus.

A decision on whether ground 1 is untimely and/or procedurally defaulted is deferred as set forth in this order.

It is further ordered that Petitioner's motion for evidentiary hearing **(ECF No. 121) is DENIED** without prejudice.

It is further ordered that Petitioner's motion to seal documents **(ECF No. 136) is GRANTED**. The Clerk of Court is directed to seal the exhibits listed at ECF No. 137-1.

It is further ordered that Petitioner has **60 days** from the date of this order to file supplemental briefing as directed by the Court in section II of this order.

It is further ordered that Respondents have **45 days** from the date that Petitioner files his briefing to file a response.

DATED THIS 29th day of September 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

9