1

2

3

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL BRUCE BYNOE,<br><br>                                        Petitioner,<br><br>     v.<br><br>HELLING, *et al.*,<br><br>                                        Respondents. | Case No. 3:07-cv-00009-ART-CLB<br><br>Order Granting Reconsideration and<br>Denying Leave to Amend<br><br>(ECF Nos. 160, 161) |

In Michael Bruce Bynoe's 28 U.S.C. § 2254 second-amended habeas corpus petition he challenges his conviction of lewdness with a child under age 14 pursuant to a plea of "guilty but mentally ill." (ECF No. 98.)[1] The gravamen of his petition is the claim that the Nevada legislature unconstitutionally abolished the "not guilty by reason of insanity" plea in 1995, and therefore, his 1999 "guilty but mentally ill" plea was not knowing, voluntary or intelligent.

The Court granted Respondents' motion to dismiss in part, dismissing three of the four grounds. (ECF No. 154.) The Court deferred a decision on whether Bynoe can demonstrate cause and prejudice to excuse the procedural default of ground 1. The Court ordered further briefing on two issues: (1) the merits of ground 1: whether Nevada's abolishment of the "not guilty by reason of insanity" plea rendered Bynoe's "guilty but mentally ill" plea not knowing, voluntary, or intelligent, in violation of his Fifth, Sixth and Fourteenth Amendment rights; and (2) if not, whether Bynoe is entitled to relief based on actual innocence. Bynoe instead filed a motion for reconsideration of ground 2 and a motion for leave to file a third-amended petition. (ECF Nos. 160, 161.) Having carefully considered the parties' arguments, the Court grants reconsideration of the dismissal of ground 2 and denies the motion to amend.

---

[1] The Nevada Department of Corrections website reflects that Bynoe was released on parole about May 2022. (https://ofdsearch.doc.nv.gov, last visited February 12, 2025)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### I.    Motion for Reconsideration

Bynoe asks the Court to reconsider its adjudication of ground 2, which alleges that trial and appellate counsel rendered ineffective assistance for failing to argue that the abolishment of the insanity defense was unconstitutional in violation of his Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 161.) The Court dismissed ground 2 as noncognizable in federal habeas corpus. Respondents opposed the motion to reconsider, and Bynoe replied. (ECF Nos. 169, 171.)

District courts have "the inherent procedural power to reconsider, rescind, or modify an interlocutory order." *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (cleaned up); *see also Moses H. Cone Memorial Hospital v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); Fed. R. Civ. P. 54(b) ("[A]ny order or other decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment."). As this Court's local rules explain, "The court possesses the inherent power to reconsider an interlocutory order for cause, so long as the court retains jurisdiction." LR 59-1(a). A party seeking reconsideration "must state with particularity" the grounds for reconsideration, for example "the points of law or fact that the court has overlooked or misunderstood." *Id.* "Reconsideration may also be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.*; *cf. Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (discussing similar standards for post-judgment motions to reconsider).

Bynoe argues that ground 2 is cognizable in federal habeas under *Strickland v. Washington*, 466 U.S. 668 (1984). (ECF No. 161.) Specifically,

1    Bynoe argues that trial and appellate counsel were ineffective for failing to

2    litigate at trial and on appeal the same federal and state constitutional issues

3    successfully raised in *Finger v. State*, 27 P.3d 66, 86 (Nev. 2001) and *O'Guinn v.*

4    *State*, 59 P.3d 488, 490 (Nev. 2002). In *Finger* and *O'Guinn,* the state appellate

5    court concluded the legislature violated the federal and state constitutions

6    when the legislature abolished the insanity defense. *Finger*, 27 P.3d at 86;

7    *O'Guinn*, 59 P.3d at 490. In both cases, the appellate court concluded the

8    defendants' guilty pleas were not knowing and voluntary and remanded to allow

9    the defendants to withdraw their pleas. Though Bynoe acknowledges that there

10   is no federal right to an insanity defense, *Kahler v. Kansas*, 589 U.S. 271

11   (2020), he is instead claiming that counsel were ineffective under *Strickland* in

12   failing to raise a state law argument, namely, the claim successfully litigated in

13   *Finger* and *O'Guinn*. (ECF No. 161 at 5, citing *Pinkney v. Secretary, DOC*, 876

14   F.3d 1290, 1295 (11th Cir. 2017) ("[T]he issue of ineffective assistance—even

15   when based on the failure of counsel to raise a state law claim—is one of

16   constitutional dimension." (internal citation omitted)) The Court agrees that

17   ground 2 is a cognizable federal habeas claim for ineffective assistance of

18   counsel.

19        The Court, therefore, grants the motion for reconsideration of the

20   dismissal of ground 2. As with ground 1, the Court defers a decision on whether

21   Bynoe can demonstrate cause and prejudice to excuse the procedural default of

22   ground 2. (*See* ECF Nos. 114, 120.)

23        **II.    Motion for Leave to Amend**

24        Bynoe also moves for leave to file a third-amended petition to amend

25   ground 2 and add an actual innocence claim. (ECF No. 160.) He seeks to file the

26   amended petition "out of an abundance of caution," given the Court's order

27   granting the motion to dismiss in part and directing supplemental briefing.

28   Respondents opposed, and Bynoe replied. (ECF Nos. 167, 170.)

1     Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a

2   pleading with the court's leave. "The court should freely give leave when justice

3   so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15's policy of favoring amendments to

4   pleadings should be applied with extreme liberality." *United States v. Webb*, 655

5   F.2d 977, 979 (9th Cir. 1981) (internal quotations omitted). Although leave to

6   amend is within the discretion of the district court, the decision "should be guided

7   by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on

8   the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891,

9   894 (9th Cir. 2004) (internal quotations omitted). When deciding whether to grant

10  leave, a court may "take into consideration such factors as bad faith, undue

11  delay, prejudice to the opposing party, futility of the amendment, and whether

12  the party has previously amended his pleadings." *Id.* Futility of amendment can

13  alone justify denying a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d

14  815, 845 (9th Cir. 1995).

15     Although the Court earlier dismissed grounds 2, 3, and 4 of the second-

16  amended petition, (ECF No. 154), it has now reinstated ground 2.  Bynoe seeks

17  to add a claim:

18          Ground 5: Mr. Bynoe stands convicted despite being actually

19          innocent, in violation of his rights under the Fifth, Sixth, Eighth, and

20          Fourteenth Amendments.

21          (ECF No. 160-1 at 15-17.)

22  Bynoe also wants to amend ground 2 "to clarify why the relevant legal theory is

23  cognizable." (*Id.*) He insists he is not acting in bad faith or to cause undue delay

24  and that Respondents cannot show prejudice.

25     Respondents argue that amendment at this late stage of litigation is

26  unwarranted and prejudicial. (ECF No. 167.) They mainly contend that

27  amendment would be futile, pointing to the fact that the new ground 5 would be

28  untimely, unexhausted, and therefore potentially subject to procedural bar.

They also argue that Bynoe cannot demonstrate that a standalone actual innocence claim is cognizable in federal habeas corpus. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Herrera v. Collins*, 506 U.S. 390, 417 (1993); *Jones v. Taylor*, 763 F.3d 1242, 1246 (9th Cir. 2014); *Taylor v. Beard*, 811 F.3d 326, 334 (9th Cir. 2016) (en banc). As to ground 2, Respondents argue that leave to amend is futile because the Court had dismissed the claim as noncognizable. And they dispute the need for a third-amended petition in light of the Court's order for supplemental briefing.

The Court has granted the motion to reconsider the dismissal of ground 2, there is no need to amend that claim. Bynoe will now also have the opportunity to further address ground 2 in the supplemental briefing. So amendment to clarify/highlight the state constitutional element is unnecessary.

With respect to adding a freestanding actual innocence claim as ground 5, there is simply no need. Bynoe would only be creating more potential procedural hurdles for his petition. And the Court has already directed briefing that gives Bynoe the opportunity to address this very issue. To a certain extent seeking to amend (yet again) is a distinction without a difference. So the Court denies the motion for leave to file a third-amended petition.

Therefore, the Court directs further briefing as follows:

- The merits of ground 1: whether Nevada's abolishment of the "not guilty by reason of insanity" plea rendered Bynoe's "guilty but mentally ill" plea not knowing, voluntary, or intelligent, in violation of his Fifth, Sixth and Fourteenth Amendment rights;

- If not, whether Bynoe is entitled to relief based on actual innocence;

- The merits of ground 2: whether trial and appellate counsel rendered ineffective assistance for failing to argue that the lack of an insanity defense violated Bynoe's rights under the state constitution.

### III.   Conclusion

It is therefore ordered that Petitioner's motion for reconsideration of the dismissal of ground 2 **(ECF No. 161) is granted.**

It is further ordered that Petitioner's motion for leave to file a third-amended petition **(ECF No. 160) is denied**.

It is further ordered that Petitioner has **45 days** from the date of this order to file supplemental briefing as directed by the Court above.

It is further ordered that Respondents have **45 days** from the date that Petitioner files his briefing to file a response.

It is further ordered that Respondents' second and third motions for extension of time to respond to Petitioner's motions **(ECF Nos. 166 and 168) are both granted** *nunc pro tunc.*

DATED THIS 6th day of March 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE