UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL BRUCE BYNOE,<br><br>    Petitioner<br><br>v.<br><br>HELLING, *et al.*,<br><br>    Respondents. | Case No.: 3:07-cv-00009-ART-CLB<br><br>Order Granting Motion to Stay and Administratively Closing Case<br><br>(ECF No. 179) |

Petitioner Michael Bruce Bynoe, through counsel the Federal Public Defender, moves for a stay of his 28 U.S.C. § 2254 habeas corpus action. (ECF No. 179). Counsel explains that Bynoe has been released from prison, and she has been unable to contact him about whether he wishes to continue to try to withdraw his guilty plea. The Court finds good cause and grants the stay.

District courts generally have authority to issue stays where such a stay would be a proper exercise of discretion. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). "[T]he decision to grant a stay, like the decision to grant an evidentiary hearing, is 'generally left to the sound discretion of district courts.'" *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). And "[a]n attorney undoubtedly has a duty to consult with the client regarding 'important decisions,' including questions of overarching defense strategy." *Florida v. Nixon*, 543 U.S. 175, 187 (2004); *see also id.* (explaining that with respect to certain decisions, "an attorney must both consult with the defendant and obtain consent to the recommended course of action"). The question here doesn't concern counsel's strategy to achieve

Bynoe's objectives, but "what [Bynoe's] objectives in fact are," which is for Bynoe to determine. *McCoy v. Louisiana*, 584 U.S. 414, 422 (2018).

Counsel explains that Bynoe has been released from prison, and therefore, counsel wants to confirm that Bynoe still wishes to withdraw his guilty plea. (ECF No. 179.) Bynoe has long-standing mental health issues, and while counsel has diligently tried to communicate with him, she has been unsuccessful so far. Thus counsel proposes that the Court stay the case and order status reports every four months. Counsel explains that she has been in contact with a third party who is actively communicating with Bynoe, so there is some likelihood that contact will be established. Respondents state that under these circumstances, they do not oppose a stay. (ECF No. 180.) They express concern, however, about this litigation continuing indefinitely. The Court concludes that a stay is warranted here so that the FPD can attempt to consult with Bynoe. Therefore the Court grants the motion and will also order periodic status reports.

It is therefore ordered that Petitioner's unopposed motion for stay and abeyance **(ECF No. 179) is GRANTED**.

It is further ordered that this action is stayed while counsel for Petitioner attempts to contact him.

It is further ordered that counsel for Petitioner file status reports every four months.

It is further ordered that if counsel for Petitioner files a third status report, counsel will show cause in that status report as to why this case should not be closed for lack of prosecution.

It is further ordered that the grant of a stay is conditioned upon Petitioner returning to federal court with a motion to reopen the case within 45 days of any decision by Petitioner to continue to litigate the case.

The Clerk of Court is directed to administratively close this action, until such time as the Court grants a motion to reopen the matter.

Dated this 14th day of August, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3